# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2022

Lyle W. Cayce
Clerk

No. 21-60199
Summary Calendar

Maria Elena Morelos Cortes; Elisandro Cardenas
Rodriguez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 845 979
BIA No. A208 845 980

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Maria Elena Morelos Cortes and Elisandro Cardenas Rodriguez, natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal from the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

denial of their applications for cancellation of removal.  The petitioners contend that they are entitled to cancellation of removal, in part, because they have demonstrated that their removal would cause exceptional and extremely unusual hardship to their children.  We deny the petition for review and affirm the decision of the BIA.

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA.  *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  Factual findings are reviewed for substantial evidence and legal determinations are reviewed *de novo*.  *Trejo v. Garland*, 3 F.4th 760, 774 (5th Cir. 2021).  Here, the BIA adopted and affirmed "the decision of the Immigration Judge," so this court reviews the IJ's decision regarding cancellation of removal.  *See Singh*, 880 F.3d at 224.

Cancellation of removal is available to applicants who have been continuously present in the United States for 10 or more years prior to filing an application, who can establish good moral character during that time, who have no disqualifying convictions, and whose spouse, children, or parent would suffer exceptional and extremely unusual hardship if the applicant were removed.  8 U.S.C. § 1229b(b)(1).

First, we reject the petitioners' claim that the BIA failed to discuss the hardship factors adequately.  Before determining that they were ineligible for cancellation of removal, the IJ explicitly considered the petitioners' testimony regarding the country conditions in Mexico, their belief that they could only make enough money to survive, and that their children are United States citizens, have lived in the United States their entire lives, and cannot write in Spanish.  Nonetheless, the IJ concluded that many of the hardships would be mitigated by the facts that both parents were returning to Mexico, were capable of working, and could sell their trailer to help with their

transition to Mexico.  The record does not compel a contrary conclusion regarding these factual findings.  *See Trejo*, 3 F.4th at 775

Second, the consequences facing their children if they were removed are not "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country."  *See id.* (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001)).  Therefore, the BIA did not err in concluding that their circumstances did not amount to an "exceptional and extremely unusual hardship."  *See Trejo*, 3 F.4th at 773–74.

The petition for review is DENIED.  The Government's incorporated motion to withdraw its initial brief and file an amended brief is also DENIED as unnecessary.